# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAURICE FOX, | ) |
| Movant, | ) |
| vs. | ) Case No: 4:19CV2693 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 2]. The United States of America has responded to the motion pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion to Vacate is denied.

## FACTUAL HISTORY

The factual history of this matter is set out by respondent in its response.

## PROCEDURAL HISTORY

Movant was charged on May 2, 2018 by a federal grand jury charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 11, 2018, Movant filed with the Court a written waiver of his right to file pretrial motions. He appeared the following day before United States Magistrate Judge Shirley Mensah for a waiver hearing.

On October 18, 2018, Movant appeared before the Court for a change of plea hearing.  Pursuant to a Guilty Plea Agreement (the "Agreement"), in exchange for Movant's voluntary plea of guilty to the indictment, the United States agreed "that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment." The parties further agreed that either party could request a sentence above or below the United States Sentencing Guidelines ("U.S.S.G.") ultimately determined by the Court.

Movant appeared for sentencing before the Court on January 23, 2019. Neither party having objected to the Presentence Investigation Report ("PSR"), the Court adopted its findings, which included an advisory guidelines range of 57 to 71 months imprisonment.

Movant was sentenced to a below-guidelines term of 53 months imprisonment to be followed by a term of two years supervised release.

On February 8, 2019, Movant filed a notice of appeal with the Court, though the appeal was ultimately dismissed by the Eighth Circuit Court of Appeals on Movant's own motion.

.

## CLAIMS FOR RELIEF

Movant sets out grounds for relief in his Motion: Counsel was ineffective for failing to object concerning an intervening arrest; for failing to explain all of Movant's options and rights during court proceedings; for expressing to Movant that he didn't stand a chance of winning at trial; and for failing to present the evidence against him;

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d

3

1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## **Standard for Ineffective Assistance of Counsel**

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

4

> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States of Am.*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-*

5

*Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

6

**Ground One**

Movant claims counsel was ineffective for failing to make objections concerning an intervening arrest. Movant's claim is without merit. As with the Government, the Court assumes Movant is referring to the Pre-Sentence Investigation Report's assessment of criminal history points.

Section 4A1.2(a)(2) provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2). When concurrent sentences are imposed, the guidelines mandate that the sentences be counted separately if separated by an intervening arrest. *See United States v. Harvey*, 617 Fed.Appx. 592, 594 (8th Cir. 2015); *see also United States v. Newsome*, 409 F.3d 996, 999 (8th Cir. 2005) ("Where, as here, the offenses are 'separated by an intervening arrest[,]' we must 'consider the offenses [as] unrelated.'") (brackets in original).

The PSR's assessment of points was correct because Movant's sentences, although occurring on the same day, were to run consecutively and were for two separate offenses which were separated by an intervening arrest.

7

**Ground Two**

Movant argues that counsel was ineffective for failing to explain his options and rights during court proceedings.  The record belies Movant's claims.  In the Plea Agreement, Movant acknowledged his rights and his understanding of same.  During the plea hearing, Movant admitted under oath that he was satisfied with counsel, that there were no witnesses his lawyer failed to contact or investigation that he asked her to perform.  The Court further explained Movant's rights. He acknowledged that he understood those rights at the time and that he had no further questions.  Indeed, Movant confirmed that he had discussed the range of punishment with counsel and had no further questions about it.  Movant expressed no dissatisfaction with counsel's explanation of his rights.  This ground will be denied.

**Ground Three**

Movant claims counsel told him he didn't stand a chance of winning at trial. Movant does not elaborate how, assuming counsel advised him of same, this was ineffective assistance of counsel.  Movant does not claim he is innocent of the charge.  The record establishes that Movant admitted to the facts as set forth in the Plea Agreement and that he was guilty of the offence.  Movant admitted that he was completely satisfied with counsel's advice.  He does not claim he would have proceeded to trial had counsel not stated what she perceived to be Movant's

8

chances of winning at trial. Indeed, because of not proceeding to trial, Movant received a below-guidelines sentence. Further, Movant admitted that no one threatened or coerced him into waiving his rights to a trial. He admitted under oath that he was pleading guilty of his own free will and that the plea was voluntary.

**Ground Four**

Movant claims counsel failed to provide him with the evidence against him. Movant's claim is without merit. Movant admitted that he and counsel discussed the discovery in the case with counsel. He admitted that he had reviewed the evidence against him and that everything in the Plea Agreement was true and correct. This ground is meritless.

## CONCLUSION

For the reasons discussed above, the motion under 28 U.S.C. § 2255 is denied as to all claims.

## CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522

9

(8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. " '[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. §

2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 2], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 13th day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE